IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dajaun Brown, Sr.,

Plaintiff(s),

v.

Dr. Yan Yu,

Defendant(s).

Case No. 13-cv-08306
Judge Jeffrey T. Gilbert

## ORDER

Plaintiff's Amended Motion for Leave to File Second Amended Complaint [55] is granted in part and denied in part. Plaintiff is given leave to file his Second Amended Complaint consistent with this Order. This case is set for status on April 23, 2015 at 10:15 a.m.

## STATEMENT

This matter is before the Court on Plaintiff's Amended Motion for Leave to File Second Amended Complaint. Plaintiff DaJuan Brown seeks to add two supplemental state law claims against Defendant Dr. Yan Yu for willful and wanton misconduct (Count II) and intentional infliction of emotional distress (Count III). Plaintiff also seeks to add the County of Cook as a new defendant and to add two new federal claims against the County, including a 42 U.S.C. § 1983 *Monell* claim (Count IV) and Section 1983 claim for failure to train (Count V).

The decision to grant or deny a motion for leave to file an amended pleading is a matter within the sound discretion of the district court. *Brunt v. Serv. Employees Int'l Union*, 424 F.3d 542, 553 (7th Cir. 2005); *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp.

1

2d 1022, 1045-46 (N.D. Ill. 2007). "Although leave to amend shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), leave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir. 1991). While "delay alone is an insufficient reason to deny [a] proposed amendment, there is a 'sufficient basis for denial of leave to amend . . . when the delay has caused the opposing party undue prejudice.' " *Chavez v. Illinois State Police,* 251 F.3d 612, 633 (7th Cir. 2001) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.,* 711 F.2d 1387, 1391 (7th Cir.1983)).

Plaintiff's Amended Motion for Leave to File Second Amended Complaint is granted as to the state law claims alleged in Counts II and II. Defendant argues that Plaintiff's supplemental state law claims for willful and wanton misconduct and intentional infliction of emotional distress are barred by the statute of limitations set forth in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101. The Court disagrees. Defendant cites section (a) of the Act, which provides a one-year statute of limitations to bring a civil action against a local entity or any of its employees. *See* 745 ILCS 10/8-101(a). However, section (b) of the Act provides: "No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, *arising out of patient care* shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought...." *See* 754 ILCS 10/8-101(b). Accordingly, section (b) provides a two-year statute of limitations to bring a civil action against a public employee when the cause of action arises out of "patient care." *Id.*

2

The Court finds that the two-year statute of limitations is applicable in this case. Plaintiff has pleaded that he was diagnosed with tuberculosis on May 11, 2013. Therefore, the statute of limitations for any claim that Plaintiff could allege against Defendant for an alleged failure to provide necessary medical treatment does not expire until May 11, 2015. Even if the one-year statute of limitations should apply, Plaintiff's new state law claims are supplemental because they arise out of the same transaction that gave rise to Plaintiff's Section 1983 action against Defendant. As a result, they relate back to Plaintiff's federal claim, which was timely pled in his original complaint. *See* 735 ILCS 5/2-616.

The Court finds that there is no prejudice to Defendant in adding the state law claims. It is not clear that any additional discovery would have to be taken on these additional claims that would not have been relevant to the claim originally pled. Defendant still can proceed with his planned summary judgment motion, and the supplemental state law claims shall be stayed for the time being pending resolution of Defendant's summary judgment motion. Plaintiff will not be prejudiced if these claims are added but stayed in this fashion.

Plaintiff's Amended Motion for Leave to File Second Amended Complaint [55] is denied as to the new federal claims set forth in Counts IV and V against a new defendant, the County of Cook. The claims alleged in Counts IV and V are of a different character than the federal claim originally plead and the supplemental state law claims that will be added. The claims against Defendant arise out of his alleged failure to provide proper medical treatment beginning at the time Plaintiff first was treated by Defendant, but the claims Plaintiff seeks to add against the County are different. The claims against the County occurred prior to Defendant's care of Plaintiff and purportedly arise out of the County's alleged failure to ensure Plaintiff's safety when he initially was housed at Cook County Jail before he received treatment from Defendant,

3

and the County's alleged response to Plaintiff when he sought to be transferred. These are different claims that would give rise to new and different discovery, and discovery in this case has been closed since September 11, 2014. *See* [ECF 34].

The Court finds that too much time has passed, and it is too late to add the County as a new defendant and to add new claims against it. Defendant would be unduly prejudiced if Plaintiff were given leave to add a new defendant and new claims with different theories of liability at this stage in the litigation. If leave were given, discovery would have to be reopened and the filing of dispositive motions would be postponed in this case. Discovery is closed and has been closed for over six months, and Defendant is prepared to file his motion for summary judgment against Defendant. In addition, it is doubtful that these new claims would add any additional or material monetary or non-monetary relief for Plaintiff even if he were to prevail on those claims. The theoretical availability of these claims in this case does not justify drastically changing this lawsuit at this time. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (district court properly required more on a motion for leave to amend pleading "than the fact that the pleading sought to be added states a claim"). Accordingly, Plaintiff's proposed amendment as to Counts IV and V is denied.

For the reasons set forth herein, Plaintiff's Amended Motion for Leave to File Second Amended Complaint [55] is granted in part and denied in part.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 16, 2015